UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK TOWNE MALL ASSOCIATES, | |
| Appellant, | Civ. No. |
| vs. | |
| THE GROUND ROUND, INC., | 04cv11723DPW |
| Appellee-Debtor. | |
| In re: | |
| | Chapter 11 |
| THE GROUND ROUND, INC., et al., | Case No. 04-11235 (WCH) |
| Debtors. | (Jointly Administered) |

EMERGENCY MOTION OF
FREDERICK TOWNE MALL ASSOCIATES FOR STAY PENDING APPEAL

Pursuant to Rules 8005 and 8011 of the Federal Rules of Bankruptcy Procedure, appellant Frederick Towne Mall Associates ("Frederick Towne") hereby moves on an *emergency* basis for a stay pending its appeal of a final order entered by the United States Bankruptcy Court for the District of Massachusetts (Hillman, J.), which authorized one of the above-captioned debtors (collectively, the "Debtors"), The Ground Round, Inc. ("TGR"), to assume and assign a certain non-residential real property lease (the "Frederick Lease" or the "Lease") between TGR, as tenant, and Frederick Towne, as landlord, to a newly-formed shell corporation called Frederick Pubs LLC ("Frederick Pubs"). In support hereof, Frederick Towne states as follows:

## NATURE OF EMERGENCY

1.      As set forth in the Affidavit of Lisa Solomon, filed herewith ("Solomon Aff."), expedited action on this motion is requested in order to prevent the consummation of a transaction that will moot the appeal filed by Frederick Towne. On July 29, 2004, the Bankruptcy Court entered its order (Exhibit A hereto) authorizing the assumption and assignment of the Frederick Lease, pursuant to §365 of title 11 of the United States Code (the "Bankruptcy Code"), to Frederick Pubs. Pursuant to Bankruptcy Rule 6006(d), the Bankruptcy Court's order is automatically stayed for 10 days in order to permit Frederick Towne to file its appeal and seek a further stay from this Court. Frederick Towne has until Monday, August 9, 2004, to obtain such a stay. Otherwise, the transaction will be consummated and Frederick Towne's appeal will be rendered moot.

## GROUNDS FOR MOTION

2.      As set forth in its memorandum and supporting affidavits, filed herewith, Frederick Towne has satisfied the requirements for the granting of a stay pending appeal. First, Frederick Towne has a likelihood of success on the merits of its appeal because the Debtors failed to satisfy the legal standard for "adequate assurance of future performance" under the Bankruptcy Code. Specifically, the Debtors failed to make the requisite showing that the financial condition and operating performance of the proposed assignee, Frederick Pubs, and its guarantors "shall be similar to the financial condition and operating performance of [debtor TGR] as of the time [TGR] became the lessee under the lease." *See* 11 U.S.C. § 365(b)(3)(A).

3.      Second, Frederick Towne will be irreparably harmed if the stay is not granted because, as noted above, consummation of the assignment will moot the appeal and leave Frederick Towne with no legal remedy to challenge the proposed assignment. Further, the

assignment will cause Frederick Towne to lose substantial goodwill with other tenants and patrons of its shopping mall. *See* Affidavit of Thomas K. Bradley dated July 30, 2004 (the "Bradley Aff.") at ¶2.

4. Third, Frederick Towne will not have an adequate legal remedy in the event of Frederick Pubs' default under the Lease. Frederick Pubs and its guarantors are highly leveraged. They simply do not have the capital, liquidity, or borrowing capacity necessary to meet the financial burden of operating a Ground Round restaurant. Further, Frederick Towne holds no collateral or security, but merely guaranties which are only as good as the financial strength of the guarantors who stand behind them. In the event of a reversal of the Bankruptcy Court's Order, Frederick Towne's damage remedy is inadequate if it is ineffective.

## REQUEST FOR STAY IN BANKRUPTCY COURT

5. At the close of the hearing on July 20, 2004, Frederick Towne requested a stay pending appeal from the Bankruptcy Court. *See* Solomon Aff. The Bankruptcy Court denied Frederick Town's request, finding that Frederick Towne was not likely to succeed on the merits of an appeal. All or substantially all of the grounds advanced in support hereof were presented to the Bankruptcy Court. Frederick Towne believes that a remand to the Bankruptcy Judge for reconsideration of his decision would be futile.

## NOTICE TO OPPOSING COUNSEL

6. As set forth in the Affidavit of Lisa Solomon, telephonic notice was given to counsel for the Debtors, Andrew Lizzotte, Esq., of Hanify & King, One Beacon Street, Boston, MA, 02108, (617) 423-0400, and counsel for Frederick Pubs, LLC, Rick Pedone, Esq. of Nixon Peabody, 100 Summer Street, Boston, MA 02110, (617) 345-1300. In addition, the undersigned local counsel for Frederick Towne sent an email to Messrs. Lizzotte and Perdone on August 3,

2004, a copy of which is attached hereto as Exhibit B. Local counsel also had telephone conversations on August 4, 2004, with Harold Murphy, Esq. and Jesse Redlener, Esq. of Hanify & King. Copies of all papers were provided to opposing counsel by email and by hand immediately upon filing.

## CONCLUSION

For the foregoing reasons stated and on the authorities cited, Frederick Towne respectfully requests that its emergency motion for stay pending appeal be allowed.

FREDERICK TOWNE MALL ASSOCIATES,

By its counsel,

CRAIG AND MACAULEY
PROFESSIONAL CORPORATION

Dated: August 5, 2004

Martin P. Desmery (BBO# 550133)
Craig and Macauley
 Professional Corporation
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500

-and-

Lisa M. Solomon
Law Offices of Lisa M. Solomon
909 Third Avenue, 19th Floor
New York, NY 10022
(212) 471-0067

Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

)
In re: )
)
THE GROUND ROUND, INC., ) Chapter 11
et al.[1] ) Case No. 04-11235-WCH
)
Debtors ) Joint Administration
)

**ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING THE ASSUMPTION, ASSIGNMENT, AND SALE OF LEASEHOLD INTERESTS WITH RESPECT TO NON-RESIDENTIAL REAL PROPERTY LOCATED AT FREDERICK, MARYLAND TO FREDERICK PUBS LLC**

A hearing having been held on July 7, 2004, and continued to July 20, 2004 (the "Franchise Asset Sale Hearing"), to consider the motion ("Franchise Asset Sale Motion") by The Ground Round, Inc. and its affiliated debtors, the above captioned debtors and debtors-in-possession (the "Debtors") for entry of an order approving, pursuant to a certain settlement agreement ("Settlement Agreement"), (i) the sale of certain Franchise Assets free and clear of all liens, claims, encumbrances, and interests pursuant to § 363 of title 11 of the United States Code (the "Bankruptcy Code") to the Independent Owners Cooperative, LLC (the "IOC"), and (ii) for the assumption and assignment of the Debtors' interest in certain non-residential real property leasehold interests to certain independent franchise owners (the "Independent Owners") pursuant to § 365 of the Bankruptcy Code, including the assumption and assignment of a certain non-residential real property lease (the "Frederick Lease") between The Ground Round, Inc., as tenant, and Frederick Towne Mall Associates ("Frederick Towne Mall") as landlord, with respect

---

[1] The remaining debtors are GRXR of Hagerstown, Inc. (04-11236-WCH); GRXR of Frederick, Inc. (04-11237-WCH); GRXR of Charles County, Inc. (04-11238-WCH); Ground Round of Baltimore, Inc. (04-11239-WCH); and American Hospitality Concepts, Inc. (04-11240-WCH).

B1401474.1

to certain real property located at 1301 West Patrick Street, Suite #276, Route 40 West, Frederick, Maryland 21702 (the "Frederick Premises") to the proposed purchaser/assignee Frederick Pubs LLC ("Frederick Pubs"); and Frederick Towne Mall having objected to the Franchise Asset Sale Motion and the proposed assignment of the Frederick Lease to Frederick Pubs on the grounds that, inter alia, adequate assurance of future performance has not been given and the proposed assignee Frederick Pubs has sought to encumber the Frederick Lease and give it as security to a proposed lender without the consent of Frederick Towne Mall in violation of the terms and provisions of the Frederick Lease; and the Court having jurisdiction to consider the Franchise Asset Sale Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334, and consideration of the Franchise Asset Sale Motion, the relief requested therein, and the responses thereto, if any, being a core proceeding in accordance with 28 U.S.C. § 157(b); and the appearances of all interested parties and all responses and objections to the Franchise Asset Sale Motion, if any, having been duly noted in the record of the Franchise Asset Sale Hearing; and upon the record of the Franchise Asset Sale Hearing, the Franchise Asset Sale Motion, said responses and objections, if any; and after due deliberation and an evidentiary hearing on the merits and sufficient cause appearing therefore,

the Court hereby FINDS, DETERMINES, AND CONCLUDES THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. Proc. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. Proc. 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed thereto in the Franchise Asset Sale Motion or Settlement Agreement.

D. Notice of the Franchise Asset Sale Motion and the Franchise Asset Sale Hearing has been given in accordance with Fed. R. Bankr. Proc. 2002 and 6004. The foregoing notice

constitutes good and sufficient notice of the Franchise Asset Sale Motion and the Franchise Asset Sale Hearing, and no other or further notice of the Franchise Asset Sale Motion and the Franchise Asset Sale Hearing or the entry of this Order need be given.

E. Sound business reasons exist for the Debtors' sale and/or assumption and assignment of the assets in accordance with this Order. Acceptance of the offers and consummation of the transactions contemplated thereby constitute the exercise by the Debtors of sound business judgment, and such acts are in the best interests of the Debtors, their estates, and their creditors.

F. The terms and conditions of the offer for the Frederick Lease represent the best offer received by the Debtors for the assets.

G. The Purchase Price to be realized by the Debtors pursuant to the accepted offer is fair and reasonable.

H. The sale transactions contemplated are undertaken by the Debtors and buyers at arm's length, without collusion and in good faith within the meaning of § 363(m) of the Bankruptcy Code, and such parties are entitled to the protections of § 363(m) of the Bankruptcy Code.

I. A sale of the assets other than free and clear of liens, claims, encumbrances, and interests would impact adversely on the Debtors' bankruptcy estates and would be of substantially less benefit to the estates of the Debtors.

For all of the foregoing and after due deliberation, the Court ORDERS, ADJUDGES, AND DECREES THAT:

1. The Debtors are authorized and directed to sell, assume and assign their right, title, and interest in the unexpired Frederick Lease to Frederick Pubs in accordance with the terms and conditions of the Settlement Agreement and this Order effective as of the Closing. Pursuant to §§ 363 and 365 of the Bankruptcy Code, the Debtors have the power and right to sell, assign, transfer, and deliver the Frederick Lease to Frederick Pubs, and the Debtors are authorized and directed to assign the Frederick Lease to Frederick Pubs upon the terms and

subject to the conditions set forth in such documents effective as of the Closing. The parties are authorized to execute all documents required to consummate the assignment without further order of Court.

2. The Debtors shall be responsible for satisfying and shall promptly pay any cure amounts owed with respect to the assumption of the Frederick Lease in the amounts ordered by this Court or agreed to by the Debtors and Frederick Towne Mall, in accordance with § 365 of the Bankruptcy Code, and payment of such cure amounts shall constitute cure of all defaults, compensation for any pecuniary or other loss arising from such defaults and satisfaction of all obligations arising before the date of Closing under the Frederick Lease. Debtors agree, no later than fifteen (15) days of the entry of this Order, to pay to Frederick Towne Mall, and Frederick Towne Mall agrees to accept, the undisputed sum of $8,709.62, plus July rent to the extent that it has not already been paid, toward the outstanding monetary cure obligations with respect to the Frederick Lease. In addition, the Debtors shall escrow $23,807.63 which is the disputed balance claimed due by Frederick Towne Mall and Frederick Towne Mall and the Debtors shall resolve their dispute over the sum due or request that this Court schedule a hearing on the issue and Frederick Towne Mall may seek a hearing on an expedited basis. In addition the Debtors and/or Frederick Pubs shall be responsible for any applicable late charges, all parties reserving their right to challenge Frederick Towne Mall's entitlement to any such charges.

3. Frederick Pubs is deemed to have satisfied any requirements of adequate assurance of future performance under the Frederick Lease and § 365 of the Bankruptcy Code by virtue of its offer of adequate assurance which includes the agreements of the Independent Owners Cooperative LLC, Michael Metz, John Bevevino, Beth Pubs, Inc., Mall Pubs LLC, and Hospitality Pubs Management LLC, and each of their successor and assigns (collectively, the "Guarantors") to guaranty the obligations of Frederick Pubs under the Frederick Lease and to be jointly and severally liable for all of Frederick Pubs' obligations, liabilities, costs and expenses as lessee under the Frederick Lease.

B1401474.1

4. Except as expressly provided herein, and subject to Debtors' payment of all cure amounts with respect to the Frederick Lease, upon Closing, assumption and assignment of the Frederick Lease as of the Closing shall result in a release of all claims against the Debtors, whether arising prepetition or postpetition, arising under the Frederick Lease.

5. The Closing on the assumption and assignment of the Frederick Lease may occur ten days after entry of this Order provided that no stay of this Order is in effect, provided further that notwithstanding anything herein to the contrary, the Closing on the assumption and assignment of the Frederick Lease shall not under any circumstances, absent Frederick Towne's written consent, occur prior to the expiration of ten days after the entry of this order.

6. Upon Closing, subject to Debtors' obligation to cure, the Debtors shall be deemed to be relieved from any liability for any breach of the Frederick Lease occurring after Closing pursuant to 11 U.S.C. § 365(k).

7. From and after July 13, 2004, Frederick Pubs agrees to assume all accrued or unbilled obligations under the Frederick Lease. Until and subject to the Closing with respect to the Frederick Lease, the Debtor shall remain obligated to Frederick Towne and Frederick Pubs with respect to performance of the obligations under the Frederick Lease.

8. Upon the assignment of the Frederick Lease to Frederick Pubs, Frederick Pubs shall assume and agree to perform, discharge, and fully satisfy when due all of lessee's obligations, liabilities, costs, expenses and commitments under the Frederick Lease accruing from and after the Closing, and to be bound by all of the provisions of the Frederick Lease, including, without limitation, the prohibition in the Frederick Lease that the Frederick Lease not be encumbered without Frederick Towne's consent.

9. The Debtors and their representatives are hereby authorized and directed to take all actions and execute all documents and instruments that the Debtors, Frederick Towne Mall and Frederick Pubs deem necessary or appropriate to implement and effectuate the transactions contemplated herein.

B1401474.1

10. Subject to the payment by Frederick Pubs to the Debtors pursuant to §§ 363 and 365(a) of the Bankruptcy Code of the Purchase Price provided for in the Settlement Agreement, the sale and assignment of the Frederick Lease by the Debtors to Frederick Pubs shall constitute a legal, valid, and effective transfer of the Frederick Lease and shall vest Frederick Pubs with all right, title, and interest of the Debtors in and to the Frederick Lease, effective as of the Closing Date. The Debtors have complied with §§ 365(e) and (f) of the Bankruptcy Code. The delivery of the Frederick Lease will vest Frederick Pubs with all the rights of the Debtors under the Frederick Lease. Frederick Towne Mall may not assert against Frederick Pubs any default arising from the conduct of the Debtors prior to the Closing Date. Nothing contained herein shall affect, prejudice or be deemed to constitute a waiver of any right of Frederick Towne to assert an event of default or any claims arising therefrom against Frederick Pubs or any of the Guarantors for any action or conduct occurring from and after the Closing

11. Pursuant to § 363(f) of the Bankruptcy Code, the sale of the Frederick Lease to Frederick Pubs shall be free and clear of all liens, claims, encumbrances and interests whatsoever, whether known or unknown and such encumbrances shall attach to the proceeds of sale, with the same validity, priority, force, and effect as such encumbrances had upon the Frederick Lease immediately prior to the Closing Date.

12. The sale of the Frederick Lease to Frederick Pubs under the Settlement Agreement will constitute transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable state law.

13. Frederick Pubs is hereby granted the protections provided to a good-faith purchaser under § 363(m) of the Bankruptcy Code.

14. All objections and responses concerning the Franchise Asset Sale Motion and the proposed assumption and assignment of the Frederick Lease are resolved in accordance with the terms of this Order and, to the extent any such objection or response was not otherwise withdrawn, waived, or settled, they are hereby deemed withdrawn, waived or settled, and all reservations and rights therein, are overruled and denied.

B1401474.1

15. Pursuant to §§ 105(a) and 363 of the Bankruptcy Code, all persons are hereby enjoined from taking any action against Frederick Pubs or any of its affiliates, directors, officers, or representatives to recover any claim (as defined in § 101(5) of the Bankruptcy Code) that such person has against the Debtors or otherwise in connection with the Frederick Lease arising prior to the Closing, except for claims expressly assumed by Frederick Pubs herein.

16. The assumption and assignment of the Frederick Lease upon the Closing, shall not constitute a default or breach of any such unexpired lease pursuant to § 365(c)(3) of the Bankruptcy Code.

17. Notwithstanding anything herein to the contrary, provisions contained in the Frederick Lease, which prohibit, condition, or restrict the assignment of the Frederick Lease to Frederick Pubs, or that impose a fee or penalty or require profit sharing or payment of consideration upon any assignment or sublease of the Frederick Lease, shall be deemed unenforceable with respect to the assignment of the Lease to Frederick Pubs. The usage of the premises covered by the Frederick Lease, as a "Ground Round" restaurant is permitted under the applicable leases and is not prohibited by the Frederick Lease. Any extension or renewal options or other rights contained in the Frederick Lease, that purport to be personal only to the Debtors or to a named entity in the Frederick Lease, or to be exercisable only by the Debtors or a named entity operating under a specific trade name, constitute unenforceable restrictions on assignment. From and after Closing, such extensions or renewal options or other rights are freely exercised to the fullest extent by Frederick Pubs.

18. Notwithstanding anything herein to the contrary, any provision of the Frederick Lease in the nature of a restriction on the interruption of the operations at the Frederick Premises, including, without limitation, any continuous operations provision or "going-dark" clause, or similar clause prohibiting the cessation of operations at the leased premises is unenforceable against Frederick Pubs under § 365(f)(1) of the Bankruptcy Code and, with respect to the Frederick Lease, is not a valid restriction on use as contemplated under § 365(b)(3)(C) of the Bankruptcy Code for a period of ninety (90) days from the date hereof. The failure of Frederick

Pubs to open during the aforesaid period shall not be deemed an event of default under the Lease. Nothing herein shall affect, prejudice or constitute a waiver of any claim by Frederick Towne for any amounts due or that may come due pursuant to Article VII, § 2 of the Frederick Lease for liquidated damages that may come due under Article VII, § 2 of the Frederick Lease prior to or after the Closing arising from the closure of the Premises. Frederick Pubs and the Debtors reserve all rights to dispute and defend against these additional claims.

19. To the extent permitted by the Settlement Agreement, this Court shall retain jurisdiction to interpret and enforce the provisions of the Settlement Agreement and this Order, and, further, to hear and determine any and all disputes between the Debtors, Frederick Towne Mall and/or Frederick Pubs, as the case may be, and any non-Debtor party to the Frederick Lease concerning, inter alia, the Debtors' assumption and assignment thereof to Frederick Pubs under the terms of this Order and the Settlement Agreement; provided, however that in the event the Court abstains from exercising, or declines to exercise, such jurisdiction, or is without jurisdiction with respect to the Settlement Agreement or this Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

20. The provisions of this Order are nonseverable and mutually dependent. This Order shall supersede any order previously issued by this Court that may be inconsistent herewith.

21. This Order shall inure to the benefit of and shall be binding upon the Debtors, Frederick Towne Mall and their respective successors and assigns, including but not limited to any trustee, receiver, examiner or fiduciary that may be appointed in connection with this case or any other or other case involving the Debtors or their assets, whether under chapter 7 or chapter 11 of the Bankruptcy Code or otherwise.

22. Any inconsistency or conflict between the terms and provisions of this Order and the Settlement Agreement or any related documents shall be resolved in favor of this Order.

*[signature]*
Honorable William C. Hillman
United States Bankruptcy Judge

Dated:   Boston, MA
         July 27, 2004

AGREED TO BY:

GROUND ROUND, INC.

By: *[signature] Andy Lizotte w permission RCF*
Andrew G. Lizotte, Esq. BBO # 559609
Hanify & King, PC
One Beacon Street
Boston, MA 02110
Phone: (617) 423-0400
Fax: (617) 423.0498

Dated: 7/27, 2004

FREDERICK PUBS LLC.

By: _____

Dated: _____, 2004

- 9 -

B1401474.1

INDEPENDENT OWNER'S COOPERATIVE LLC

By: _____ Richard C. Pedone
Nixon Peabody LLP
100 Summer St.
Boston, MA 02110
617 345-1000

Dated: 7/24, 2004

B1401474.1

**Desmery, Martin**  <u>Exhibit B</u>

| | |
|---|---|
| From: | Desmery, Martin |
| Sent: | Tuesday, August 03, 2004 4:54 PM |
| To: | 'Pedone, Richard' |
| Cc: | 'agl@hanify.com' |
| Subject: | RE: REvised Frederick Order_v1.DOC |

```
Rick and Andy -

I just wanted to let you know that Frederick Towne Mall Associates intends to file an
emergency motion in the district court to stay Judge Hillman's order pending appeal.  The
papers will be filed by Thurs. a.m. and we will be seeking a hearing on Friday or Monday.

- Marty

-----Original Message-----
From: Pedone, Richard [mailto:RPEDONE@nixonpeabody.com]
Sent: Monday, July 26, 2004 8:10 PM
To: Desmery, Martin
Subject: FW: REvised Frederick Order_v1.DOC



>   -----Original Message-----
> From:     Pedone, Richard
> Sent:     Monday, July 26, 2004 6:57 PM
> To: 'lisa.solomon@worldnet.att.net'; 'mdesmary@craigmacauley.com'
> Cc: 'agl@hanify.com'; 'crb@hanify.com'; Snellings, John
> Subject:  FW: REvised Frederick Order_v1.DOC
>
>
>
>
>
>  <<REvised Frederick Order_v1.DOC>>
>
> Attached is a slightly revised order which cleans up a couple of
> typos.  In addition, paragraph 5 has been modified to reflect the fact
> that the closing may not occur until after the order is final.  The
> most recent changes are redlined.  Absent any objections I will
> present this to Judge Hillman for his signature at 8:30 tomorrow
> morning.
>
> I can be reach on my cell phone this evening.  617/974-0195.
>
> Rick
>
>
```

1