# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK TOWNE MALL ASSOCIATES,<br><br>          Appellant,<br><br>vs.<br><br>THE GROUND ROUND, INC.,<br><br>          Appellee-Debtor. | Civ. No.  04-cv-11723-DPW |
| In re:<br><br><br>THE GROUND ROUND, INC., et al.,<br><br>          Debtors. | Chapter 11<br><br>Case No. 04-11235 (WCH)<br><br>(Jointly Administered) |

### OPPOSITION AND MEMORANDUM OF LAW IN OPPOSITION TO EMERGENCY MOTION FOR STAY PENDING APPEAL

Frederick Pubs, LLC ("Frederick Pubs") and the Independent Owners Cooperative, LLC (the "IOC"), hereby oppose the Emergency Motion of Frederick Towne Mall Associates ("Frederick Towne" or "Appellant") for Stay Pending Appeal.  Frederick Pubs is the proposed assignee of the Frederick Lease and the party whose ability to provide "adequate assurance" has been challenged.  The IOC is a cooperative corporation formed by the Debtors' franchisees and it has now closed on its purchase of the Debtors' franchise assets, including the name THE GROUND ROUND.  Frederick Pubs is scheduled to open a new franchised Ground Round

Restaurant in the Frederick Town Premises. In support of this objection, Frederick Pubs and the IOC state as follows:

## I.    __INTRODUCTION__

The Appellant's motion for stay pending appeal and its ongoing litigation are part of a concerted attempt by the Appellant to obtain the Debtors' equity in the subject lease (the "Frederick Towne Lease") for its own benefit at the expense of the Debtors' estates and the proposed assignee. In fact, it appears that Frederick's Towne's goal may be the recovery of the Frederick Premises for the purpose of renovating the Mall, not the protection of its financial interests. *See* Affidavit of Michael Metz ¶ 6. The Appellant has not met its burden for a stay of the Bankruptcy Court's Order by which the Debtors were authorized to assume and assign the Frederick Lease to Frederick Pubs. To succeed in its Motion the Appellant must:

(1) demonstrate a likelihood of success on the merits on the appeal,

(2) show that it will suffer for irreparable injury if the stay is not granted,

(3) demonstrate the relevant equities balance in favor of the Appellant, and

(4) demonstrate that the public interest will not be harmed by the issuance of the stay.

The Appellant has failed to meet its burden. Most notably, the Appellant has not demonstrated that it will suffer any harm, let alone irreparable harm, if the stay is not issued. Contrary to the bald assertions in Appellant's Memorandum, the Bradley Affidavit does not establish that Appellant will suffer harm if a stay does not issue. In fact, the Bradley Affidavit supports the opposite conclusion. Specifically, if a stay issues the restaurant will remain closed during the appeal and the actual harm complained of in the Bradley Affidavit, a closed restaurant that fails to attract customers, will continue.

## II.    BACKGROUND

At the conclusion of the evidentiary hearing held in the United States Bankruptcy Court, District of Massachusetts (the "Bankruptcy Court") on July 20, 2004 (the "July 20 Hearing"), Judge Hillman found that Frederick Pubs had presented sufficient evidence of its financial ability to meet its lease obligations going forward.  At that hearing Frederick Pubs offered evidence of the financial ability, business acumen and operating record of its principal, Michael Metz ("Metz").  In addition, evidence sufficient to allow a favorable comparison of the financial and operating structure of the IOC and other guarantors with the financial strength and operating structure of the Debtor when it entered into the Frederick Lease was presented.

Unfortunately, because the Appellant waited until the last moment to seek a stay and failed to order a transcript, a record is not available.  In light of this fact, this Court should not issue a stay since it lacks the benefit of the hours of undisputed testimony that were offered.  *See* Affidavit of Richard C. Pedone, ¶ 12, noting that Appellant offered no evidence at trial.

In further support of this Opposition, Frederick Pubs and the IOC incorporate by reference the Opposition filed by the Debtors/Appellees.

## III.    LEGAL STANDARD

A.   Standard for Issuance of Stay Pending Appeal.

In the First Circuit a party seeking stay must: (1) demonstrate a likelihood of success on the merits on the appeal, (2) show the potential for irreparable injury, (3) demonstrate the relevant equities balance in favor of the movant, and (4) demonstrate there is no public interest in

the outcome. *See Sunshine Dev., Inc. v. Federal Deposit Ins. Corp.,* 33 F.3d 106, 110-11 (1st Cir. 1994) (citing *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991) and *Aoude v. Mobil Oil Corp.,* 862 F.2d 890, 892 (1st Cir. 1988)). *see also*, *In re Public Service Co. of New Hampshire*, 116 Bankr. 347 (Bankr. D. N.H. 1990); *In re Great Barrington Fair and Amusement, Inc.,* 53 Bankr. 237 (Bankr. D. Mass. 1985).

B.   Standard for Review of Bankruptcy Court Order.

Appellate courts reviewing an appeal from a bankruptcy court generally apply the clearly erroneous standard to findings of fact and de novo review to conclusions of law. *See T I Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir. 1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 719-20, n. 8 (1st Cir. 1994). The clearly erroneous standard requires the appellate court to give great deference to the Bankruptcy Court as the trier of fact. Under this standard, a finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Cabral v. Shamban (In re Cabral)*, 285 B.R. 563, 571 (1st Cir. BAP 2002); *Gray v. Travelers Ins. Co. (In re Neponset River Paper Co.)*, 231 B.R. 829, 830 (1st Cir. BAP 1999). If the trial court's account of the evidence is plausible in light of the record reviewed in its entirety, a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as a trier of fact. *Anderson*, 470 U.S. at 574, 105 S.Ct. 1504.

## IV.    ARGUMENT

### A.  Appellant Has Not Demonstrated That It will Succeed On The Merits of Its Appeal

#### 1.  The Bankruptcy Court's Determination That the Debtors' Proposed Assignment of the Frederick Towne Lease to Frederick Pubs Satisfied the Standard Under 11 U.S.C. § 365 Was Not Clearly Erroneous.

The Appellant has not, and cannot, demonstrate that the Bankruptcy Court acted in clear

when it found that Frederick Pubs met the requirements of Section 365(b)(3).  Section 365(b)(3)

requires:

> that the financial condition and operating performance of the proposed assignee and
> its guarantors, if any, shall be similar to the financial condition and operating
> performance of the debtor and its guarantors, if any, as of the time the debtor
> became lessee under the lease.

11 U.S.C. § 365(d).

As set forth more fully in the Pedone Affidavit, Frederick Pubs presented substantial

evidence of its financial ability to meet its lease obligations going forward.   Frederick Pubs also

offered evidence of the financial ability, operating performance and business acumen of its

principal, Metz as well as evidence of the financial strength of:  (i) the IOC, (ii) Metz,  (iii) John

Bevevino, (iv) Beth Pubs, Inc., (v) Malls Pub, Inc., and (vi) Hospitality Pubs Management, LLC.

Each of the foregoing individuals/entities will act as a guarantor of the Frederick Lease under the

offer of adequate assurance presented at the July 20th Hearing.  Given the evidence presented,

and the offer of six guaranties from guarantors with unchallenged net worth exceeding $7.8

Million, the Bankruptcy Court's determination was not clearly erroneous.  Notably, the entire

balance of base rent due on the Frederick Lease is only $919,455.00.  *See* Pedone Affidavit ¶ 10.

In its Motion, the Appellant argues that the Bankruptcy Court erred in its application of

the law under 11 U.S.C. Section 365(b)(3)(A) by failing to consider the financial condition of the

Ground Round at the time the Ground Round became the tenant under the Frederick Towne Lease to that of the proposed assignee and its guarantors. This argument ignores the extensive record that was before the Bankruptcy Court. In particular, it ignores (i) the testimony of Gary Serino, a former CFO of the Ground Round; and (ii) the Ground Round's financial statement for fiscal 1993 that was part of the 10-K that was introduced into evidence. *See* Pedone Affidavit ¶¶ 3-7. In addition, the Appellant has ignored the extensive testimony that was offered comparing the operating structure of the IOC, a franchisor with few contingent liabilities, with the Ground Round at the time that it entered into the Frederick Lease. The evidence clearly established that, at that time, the Ground Round had numerous contingent liabilities, large bank debt, and that it was burdened by the operation of dozens of corporate owned restaurants.[1]

Moreover, the Appellant offered no support for its assertions as to what analysis the Bankruptcy Court did or did not perform in reaching its determination that the Debtors and Frederick Pubs had met their burden. The July 20 Hearing occurred fifteen days ago, ample time for the Appellant to have secured a hearing transcript and provide this Court with proof of its assertions as to the type and amount of evidence weighed by the Bankruptcy Court. The Appellant failed to take that initiative and instead seeks a stay at the last minute, fifteen days after the trial at which the Bankruptcy Court announced its conclusions.

---

[1] While no direct evidence on the issue was offered at the July 20th Hearing, as part of prior hearings related to the Franchise Agreement, and in connection with its management of this bankruptcy case as a whole, the Bankruptcy Court was, of course, familiar with and free to take judicial notice of, the ultimate impact of those financial burdens that saddled the Ground Round for over a decade.

**2. The Bankruptcy Court's Application of 11 U.S.C. § 365 Evidences Fealty to the Congressional Intent of the So-Called "Shopping Center Protections".**

The Bankruptcy Court was correct in determining that the Debtors and Frederick Pubs had satisfied the burden of proving adequate assurance under 11 U.S.C. Section 365(b)(3)(A). Judge Queenan, in *In re Casual Male, Inc.*, 120 B.R. 256, 264, n. 8. (Bankr. Mass. 1990), reasoned that Congress amended Section 365(b)(3)(A) to require the debtor to provide adequate assurance that an assignee has a financial condition and operating performance "similar" to that of the original tenant when the lease was executed.  *See* 11 U.S.C. Section 365(b)(3)(A). Neither the Bankruptcy Code nor the legislative history of Section 365 clarifies what is meant by "similar" in this context.  In examining the legislative history of Section 365(b)(3)(A),  Judge Queenan concluded that the purpose of this language was "to insure that the assignee itself will not soon go into bankruptcy and will provide operating and advertising benefits to the other tenants similar to those provided by the original tenant when its lease was executed." *See id;* 130 Cong. Rec. § 889 *reprinted in* App. 3 *Collier on Bankruptcy* XX-71 (15th ed. 1989)..

Judge Queenan noted that those cases that have interpreted the language of Section 365(b)(3)(A) and its general mandate requiring adequate assurance of future payments focused solely on whether the assignee had the ability to satisfy the financial obligations imposed by the lease.  *See id.,* citing, *In re Tech HIFI, Inc.,* 49 B.R. 876, 879 (Bankr.D. Mass. 1985);  *In re Evelyn Byrnes, Inc.,* 32 B.R. 825 (Bankr. S.D.N.Y. 1983);  *In re Brentano's, Inc.,* 29 B.R. 881, 883 (Bankr. S.D.N.Y. 1983).  Here, the Bankruptcy Court found that the evidence presented demonstrated that Frederick Pubs and its guarantors had the financial ability to satisfy the financial obligations imposed by the Frederick Towne Lease.  Following Judge Queenan's

analysis in *Casual Male,* the Bankruptcy Court focused on the business experience of Frederick

Pub's principals in determining that Frederick Pubs could meet its lease obligations going

forward.  *See In re Casual Male*, 120 B.R. at 265.

Contrary to the unsupported inference in Appellants' papers, nothing in the Bankruptcy

Code requires that the party seeking to prove adequate assurance prove up the lessee/debtor's

exact net worth at the time that the lease was entered into. Rather, when Congress used the vague

term "similar" to describe financial and operating performance it left enormous discretion to the

Bankruptcy Court.  Here, the Bankruptcy Court's exercise of that discretion was not clearly

erroneous since it is undisputed that the proposed assignee and its six guarantors have provided

an extraordinary level of adequate assurance that is certainly similar to, if not better than, the

Debtor's was in July 1993.  Notably, the IOC, as successor to the Ground Round, will own the

trademark and franchise assets with a nominal amount of debt relative to their value and, as

Messrs. Serino and Crawford testified, it will not be burdened with dozens of corporate locations

as the highly leveraged Ground Round was when it entered into the Frederick Lease.

Accordingly, because the Bankruptcy Court's analysis of the relevant facts were not

clearly erroneous and its application of the law comports with the language of the statute and the

legislative intent as previously explicated by the Bankruptcy Court, the Appellant has no

likelihood of success on the merits and the Motion should be denied.

### B.    Appellant Has Not Established That It Will Suffer Irreparable Harm If The Stay Is Not Granted

Frederick Towne argues that if the stay is not granted, and the Debtors and Frederick

Pubs are allowed to consummate the lease assignment, Frederick Towne will suffer irreparable

harm because the appeal may be rendered moot.  Courts in the First Circuit and elsewhere have

consistently held that the fact that an appeal may be rendered moot by the inability to obtain a

stay, by itself, is not sufficient to establish irreparable harm.  *See, e.g., In re 203 North LaSalle Partnership*, 190 B.R. 595, 597-98 (N.D. Ill. 1995); *In re Great Barrington Fair and Amusement, Inc.*, 53 B.R. 237, 240 (Bankr. D. Mass. 1985).

In its Memorandum Frederick Towne also argues that if the stay is not granted, Frederick Towne will suffer irreparable harm because it will lose goodwill with its valuable patrons and tenants at the mall.  However, Frederick Towne's attribution of loss of business and good will to the closing of the Ground Round is not supported by the affidavits it offered.  *See, e.g.,* Affidavit of Thomas K. Bradley, ¶ 2.  Frederick Towne merely claims, without support, that the mall has "lost numerous customers and goodwill in the community as a result of the closure of the Ground Round."  *See id.*   There is no basis to support this self-serving allegation.

However, even assuming the allegations attributing loss of good will and business to the closure of the Ground Round were supported by fact, the most expedient remedy to the existing harm is to facilitate the proposed assignment to Frederick Pubs so that an established Ground Round franchisee can act quickly to refurbish an existing Ground Round, thereby restoring the operation of a facility that is said to carry with it a significant part of the good will and business attraction at the mall.  Thus, contrary to the Appellant's argument, the granting of the stay will not result in any harm.  *See* Bradley Affidavit ¶ 2.

### C.    Balance of the Harms Weighs Against Appellant

As noted above, the very harm complained of by Frederick Towne, the loss of business and goodwill at the mall from a "dark" space, can best be remedied by allowing the assignment to Frederick Pubs so that renovation work can be completed and the restaurant opened.   This restaurant has been closed for more than five months.  Frederick Pubs did not close this operation.  Rather, Frederick Pubs offers the best hope for a rapid re-opening of a functioning

restaurant in this space.  Permitting the assignment to Frederick Pubs gives Frederick Towne the benefit of its bargain under the Lease and facilitates the swiftest re-opening of the space to its benefit.

The Order requires Frederick Pubs to re-open the restaurant—an existing Ground Round—within 90 days.  It is unlikely, if not impossible, to imagine another entity coming into this space and opening a restaurant in a shorter span of time.  Conversely, if the Order is stayed, and the Debtors are not allowed to close on the proposed assignment, harms befall a number of parties.  Frederick Pubs is at risk if the assignment process is delayed because, as the assignee, it may be responsible for all costs under the lease going forward.  In addition, if Appellant is permitted to drag out the litigation, the IOC will lose the revenue from the franchise and other fees that it bargained for Frederick Pubs to pay.  On balance, the harm to the Debtors, Frederick Pubs, the IOC and the bankruptcy estates far outweigh the alleged harm to Frederick Towne.

## <u>Public Interest</u>

The public interest favors protecting the integrity and process of bankruptcy sales.  *See, e.g., In re Gil-Bern Indus., Inc.*, 526 B.R. 627 (1st Cir. 1975);  *In re Wintex, Inc.*, 158 B.R. 540 (D. Mass. 1992).  Frederick Towne's request for a stay is nothing more than a self-interested effort to recapture the upside of the Frederick Towne Lease for its own benefit and deny that benefit to the estates and their creditors.  This is particularly so given the unlikelihood of success on the merits.  Section 365 of the Bankruptcy Code was enacted to enable a debtor to realize the equity in all its assets.  *See, e.g., In re Jamesway Corp.*, 201 B.R. 73 (Bankr. S.D.N.Y. 1996).  Public interest favors upholding the integrity of the bankruptcy process and allowing the Debtors to maximize value for the benefit of their estates.

## **Conclusion**

The Appellant has not met its burden to impose a stay pending appeal in this matter.  In particular, the Appellant has not presented any evidence that it will suffer any harm if a stay is not granted.

WHEREFORE, Frederick Pubs and the IOC respectfully request that the Court deny the motion and allow the parties to consummate the assignment of the lease.


Respectfully Submitted,


Frederick Pubs LLC and The Independent Owners Cooperative, LLC



By:   /s/ Richard C. Pedone
       John V. Snellings BBO # 548791
       Richard C. Pedone BBO # 630716
       NIXON PEABODY LLP
       100 Summer Street
       Boston, MA  02110
       (617) 345-1000


Dated:  August 6, 2004