## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREDERICK TOWNE MALL ASSOCIATES, | : | |
| Appellant, | : | |
| | : | |
| | : | Civ. No. 04-11723-DPW |
| Vs. | : | |
| | : | |
| THE GROUND ROUND, INC. | : | |
| Appellee-Debtor. | : | |
| | : | |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | .. .. .. .. .. .. .. .. .. .. .. .. |
| | | |
| In re: | : | Chapter 11 |
| | : | |
| THE GROUND ROUND, INC., et al. | : | Case No. 04-11235-WCH |
| | : | |
| Debtors. | : | Joint Administration |
| | | |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | | .. .. .. .. .. .. .. .. .. .. .. .. .. |

## AFFIDAVIT OF RICHARD C. PEDONE IN OPPOSITION TO FREDERICK TOWNE MALL ASSOCIATES' EMERGENCY MOTION FOR STAY PENDING APPEAL

I, Richard C. Pedone, being duly sworn, depose and say as follows:

1.     I am a partner with Nixon Peabody LLP.  I served as co-counsel with Craig Tractenberg of Nixon Peabody at the trial of this matter before Judge Hillman (the "July 20 Hearing").

2.     As stated in the Affidavit of Lisa M. Solomon ("Solomon Affidavit"), the Frederick Lease provides the Ground Round or its assignee (e.g., Frederick Pubs, LLC) with the right to operate a restaurant at the Frederick Premises through 2014.

3.     Contrary to the statement made in Paragraph 10 of the Solomon Affidavit, the Bankruptcy Court did, in fact, receive evidence concerning the financial condition of the Ground

Round, Inc. at the time that the Frederick Lease was entered into in 1993. While that evidence was not in the form of an audited financial statement for the "lessee," uncontroverted evidence was presented. Specifically, the evidence admitted included the 10-K attached hereto as Exhibit A, and testimony from Gary Serino, an individual who served as CFO of the Ground Round in the early 1990s and was personally familiar with the Debtors' corporate structure and liabilities.

4.    The financial information submitted into evidence showed that for the 53 weeks ending October 3, 1993 (See Exhibit A Page 32), on a consolidated basis, the Ground Round Inc. had net income of only $5,328,000, while carrying $53,000,000 in debt on its credit line. (See Exhibit A, Page 22).

5.    In addition, in 1993, the Debtors also carried the substantial financial burden of corporate owned restaurants with related lease obligations. In 1993 the Debtors rent under its operating leases was $7,623,000. See Exhibit A Page 39.

6.    Furthermore, at the July 20 Hearing, testimony was offered by Mr. Serino and/or Mr. Jack Crawford, who served as director of franchising for the Debtors in the early 1990s, to establish the financial problems associated with the operation of company owned restaurants. Mr. Crawford and/or Mr. Serino testified about the fact that the IOC, a guarantor under the offer of adequate assurance, would not have the financial burden of the corporate owned locations. In addition, their testimony established that franchised locations, run by owner-operators such as Mr. Metz, traditionally perform better than corporate owned locations.

7.    At trial, Mr. Crawford also offered undisputed testimony that the IOC, one of the six guarantors offered as adequate assurance, would be purchasing an asset with a value in excess of $8 million for $4.85 million. He also testified that the IOC was only borrowing $2.9 million of the purchase price thus leaving it, a proposed guarantor, with equity in excess of $4

Million. Attached hereto as <u>Exhibit B</u> is the Business Plan for the IOC which was admitted into evidence at the July 20 Hearing.

8.      Attached hereto as <u>Exhibit C</u> are resumes and financial statements for Michael Metz and John Bevevino who will both be executing guaranties as part of the adequate assurance to be provided to the landlord. The documents that are part of <u>Exhibit C</u> were admitted into evidence at the July 20 Hearing and no evidence to contradict the conclusions contained therein was presented. Specifically, the undisputed evidence established that Mr. Metz has a net worth of $922,425 and Mr. Bevevino has a net worth of $2,953,689.

9.      Thus, when the IOC's $4 Million in equity is added to the combined net worth of Mr. Bevevino and Mr. Metz, it is clear that undisputed evidence of guarantor net worth exceeding $7,876,114 was offered at trial.

10.     The Frederick Towne Lease requires monthly base rental payments of $8,672.88 through 2009 and $9,542.33 from 2010 through 2014. The entire base rental obligation under the Frederick Lease through its termination is only $919,455.00.

11.     Judge Hillman announced his decision concerning adequate assurance at the July 20 Hearing. Since that date, the Appellant has failed to order a transcript of the hearing notwithstanding the fact that one could have been prepared in time for the hearing on their Motion for a Stay Pending Appeal.

12.     The Appellant did not offer any evidence at the July 20 Hearing. Thus, the testimony of Mr. Crawford, Mr. Serino and Mr. Metz was uncontroverted.

BOS1406505.1

13.    In addition, the Appellant took no formal discovery concerning the financial condition of the Debtors in 1993.  Notably no trial subpoenas were served for documents from the Debtors.

Signed under the pains and penalties of perjury this 6 day of August, 2004.

_____
Richard C. Pedone

BOS1406505.1